IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. --<br><br>MELISSA G. KING,<br><br>Defendant. | No. S1 10 Cr. 122 (JGK)<br>The Hon. John G. Koeltl |

### REPLY TO GOVERNMENT'S RESPONSE TO MELISSA G. KING'S MOTION TO ESTABLISH THE VOLUME AND TIME NEEDED TO REVIEW THE FORENSIC COMPUTER IMAGES PRODUCED BY THE GOVERNMENT

Melissa G. King, Defendant, by and through her attorney, Ronald K. Smith, respectfully

represents to this Honorable Court her reply to the Government's Response to Melissa G. King's

Motion to Establish the Volume and Time needed to Review the Forensic Computer Images

Produced by the Government.

### BACKGROUND

As the Court will recall, on November 30, 2009, the Government executed search warrants at Defendant's home in Irvington, NY and at Defendant's former place of business in Manhattan. In the course of the execution of these warrants, the Government seized approximately twenty-five (25) computers. On April 27, 2010, Defendant received forensic computer images of all of the documents contained on the seized computers.

In August of 2010, King retained Credence Corporation in an effort to procure an estimate as to the volume of, time needed to review, and cost to review the forensic computer images. Credence Corporation indicated, even using conservative estimates,[1] that reviewing all of the documents would take over 25,000 hours of attorney-review time. *See* Letter of August 19, 2010, from Dennis Hall & Garrett Baken to Ronald K. Smith, Esq.

Defense counsel, Michael Handwerker, sent a letter to the United States Attorneys Office on June 25, 2010 (letter was attached to the Motion) in which he gives a complete timeline of the events regarding the information on the 25 seized computers. He complied with the governments directions to obtain the information but was unable to retrieve it. Mr. Handwerker requested that he be provided a more useable form to retrieve the information but has not to date received a reply or any further assistance.

In response to the Government's response to the Motion filed by King, the following argument is presented.

## ARGUMENT

The hearing is appropriate because King has submitted an estimate to determine the Size and the cost to review the ESI and needs to present testimony from her expert in order for the Court to make a determination. This cannot be done in a Status Conference and is necessary as the 25 computers contain a large amount of information which must be reviewed by King.

Granting a pre-trial evidentiary hearing on complicated discovery issues in a criminal case is not without precedent, and district courts have broad discretion to hold such hearings. *United States v. Sabhani*, 599 F.3d 215, 257–58 (2d Cir. 2010) (noting that decision to hold an evidentiary hearing is reviewed under "abuse of discretion" standard of review). Evidentiary hearings are appropriate to address assertions that the Government has not complied with its discovery obligations, as Defendant may wish to do here. *United States v. Sattar*, No. 02 CR. 395(JGK), 2003 WL 22510435, at *1 (S.D.N.Y. Nov. 5, 2003) (indicating a willingness to grant an evidentiary hearing where, as here, addressing the complexity of discovery materials prior to trial would promote trial efficiency, and where the government has changed the file format of discovery materials).

In addition, King has been left with little assets as a result of the forfeiture proceedings and requires a Court determination regarding the cost of retrieving the information from the computers *ie*, should the government be responsible for the cost or offer the information in a format that can be more easily retrieved and at a more reasonable cost.

The government argues that King should be familiar with what is on the 25 computers since she is involved in civil litigation, however this argument does not hold water as that case is stayed and the retrieval process is different.

Thus, this Court has broad discretion to grant evidentiary hearings and granting

---

[1] Credence Corporation indicated that, using state-of-the-art technologies and methodologies, the forensic computer images comprised one terabyte (1,000 gigabytes) of data, but that this could be reduced to approximately 100 gigabytes. However, obtaining this reduction would cost Defendant $450,000.

one in this case would be the correct forum to address King's assertions of privilege, and would resolve the factual dispute between King and the Government as to the time and expense required to review the forensic computer images. Trial efficiency would also be promoted.

**B. King has only asserted her privilege generally because she has been unable to retrieve the information for review and further asserts that she has not waived that privilege.**

King argues that her privilege has not been waived by her as it has been asserted generally as to the information on all the computers. It has been asserted generally because she has not been able to retrieve the information in order to review it to assert the privilege specifically.

King will submit a specific privilege log as soon as practicable upon the ability to retrieve the information from the computers.

## CONCLUSION

For the foregoing reasons, King respectfully requests this Honorable Court, to grant the request to, order the government to produce the computer information in a more accessible format and set a reasonable time for King to assert privilege

Respectfully submitted

**RONALD K. SMITH, P.A.**

_____
Ronald K. Smith
7000 Island Boulevard, #309
Aventura, FL 33160
(305) 785-4590 (telephone)
(305) 932-4138 (facsimile)

*Attorney for Defendant Melissa G. King*

August 27, 2010
New York, NY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Request for Oral Argument has been served either in-hand or via U.S. mail or Fax this ___ day of September, 2010 to the following:

Joseph Facciponti, Esq.
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007

Jason Hernandez, Esq.
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007

Michael H. Handwerker, Esq.
*Attorney for the defendant*
Goldstein & Handwerker LLP
280 Madison Avenue, Suite 1202
New York, NY 10016

BY: _____
Ronald Kenneth Smith, Esq.