USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-7-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    - against -

MELISSA KING,

        Defendant.

---

10 Cr. 122 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The Court has received the Government's letter dated October 6, 2010. The Court will listen to arguments on the issues at the outset of the hearing scheduled for October 7, 2010. However, the Court notes at the outset the following:

1. The hearing was scheduled to allow Blantyre Farm, LLC ("Blantyre"), the opportunity to establish that it has standing to object to the interlocutory sale of the horses that are currently subject to a restraining order. The Government asserts that Blantyre is simply a "straw," the alter ego of the defendant, and has proffered evidence in support of that contention. The Government asks for a ruling in advance of the hearing as to whether Blantyre bears the burden of proof on this issue. It is unnecessary to answer that question at this time because the burden of proof will only be an issue if the evidence is in equipoise. The Court will listen to any

additional evidence that the parties wish to submit on the question.

2. Blantyre has issued a subpoena duces tecum to Special Agent Joseph Della Penna that seeks, among other things, "Your entire file pertaining to this case." The subpoena is plainly overbroad and should be quashed. See, e.g., United States v. Brooks, 966 F.2d 1500, 1505 (D.C. Cir. 1992); United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); Fed. R. Crim. P. 17(c).

3. The Government has also attached responses to interrogatories to Blantyre. The interrogatories were answered by the attorney for Blantyre and assert, in response to many questions, that "Intervenor [Blantyre] asserts the Fifth Amendment Objection." "The Fifth Amendment Objection" is defined as "the privilege against self-incrimination afforded by the Fifth Amendment to the United States Constitution." However, a corporation does not have a Fifth Amendment privilege. See, e.g., Braswell v. United States, 487 U.S. 99, 105 (1988).

SO ORDERED.

Dated:   New York, New York
         October 6, 2010

_____
John G. Koeltl
United States District Judge