UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :
        -v.-                      :    INTERLOCUTORY SALE ORDER
                                  :
MELISSA G. KING,                  :
                                  :    S1 10 Cr. 122 (JGK)
        Defendant.                :
                                  :
- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/29/10

WHEREAS, on June 30, 2010, a seventeen-count superseding Indictment, S1 10 Cr. 122 (JGK) (the "Indictment") was filed in the Southern District of New York, charging MELISSA G. KING, the defendant, with one count of theft and embezzlement from an employee welfare benefit plan and employee pension benefit plan, in violation of Title 18, United States Code, Sections 664 and 2; one count of mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2; eleven counts of money laundering, in violation of Title 18, United States Code, Sections 1957 and 2; and four counts of tax evasion, in violation of Title 18, United States Code, Sections 7201;

WHEREAS, the Indictment contains notice that certain property is forfeitable to the United States upon conviction of Melissa G. King, the defendant, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982, and Title 28, United States Code, Section 2461, including the property described as a horse named All Sport, United States Equestrian Federation Identification Number ("USEF No.") 4621047; a horse named Bellingham Bay, USEF No.

4066293; a horse named Nelson, USEF No. 4125568; a horse named Fortune Hunter, USEF No. 4791229; a horse named Galliard, USEF No. 4960081; a horse named Heartfelt, USEF No. 4884642; a horse named North Country, USEF No. 4595800; a horse named Starlight, USEF No. 4990323; and a horse named Tiger Lilly, USEF No. 5005434 (collectively "the Horses");

WHEREAS, on or about March 2, 2010, the Court issued a post-indictment restraining order (the "Restraining Order") for certain assets identified in the Indictment that are subject to potential forfeiture, including the Horses;

WHEREAS, on or about March 23, 2010, the Government filed a Motion for an Order to Show Cause (the "Motion") for why the Horses should not be sold pursuant to 21 U.S.C. § 853(e), Federal Rule of Criminal Procedure 32.2(b)(7), and Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, because fees for maintenance and care of the Horses were at least $150,000 in arrears;

WHEREAS, on or about March 23, 2010, the Government's Motion was served on Peter Till, Esq. and Michael Handwerker, Esq., legal counsel to Melissa G. King, the defendant;

WHEREAS, the Government and Melissa G. King, the defendant, jointly requested that the Court hold the Government's Motion in abeyance to allow the Government and the defendant time to

discuss a possible agreement for the sale or disposition of the Horses;

WHEREAS, the Government and Melissa G. King, the defendant, were unable to reach an agreement regarding the Horses;

WHEREAS, on August 27, 2010, Melissa G. King, the defendant, filed a memorandum of law entitled, "Defendant Melissa G. King's Response to the Government's Application for an Order to Show Cause for the Interlocutory Sale of Horses";

WHEREAS, on September 3, 2010, the Government filed a memorandum of law entitled, "Government's Reply Memorandum of Law in Support of its Application for an Order to Show Cause for the Interlocutory Sale of Horses";

WHEREAS, on September 10, 2010, the Government filed a memorandum of law entitled, "Government's Supplemental Memorandum of Law in Support of its Application for an Order to Show Cause for the Interlocutory Sale of Horses";

WHEREAS, on September 15, 2010, Melissa G. King, the defendant, filed a memorandum of law entitled, "Defendant Melissa G. King's Motion to Strike Defendant's Authorization to Act as Agent, Sell Horse, Receive Payment, and Disburse Funds, Affidavit of Alan Bietsch, and Government's Reply";

WHEREAS, on September 17, 2010, Melissa G. King, the defendant, filed a memorandum of law entitled, "Defendant Melissa G. King's Response to the Government's Supplemental Memorandum of Law

in Support of its Application for an Order to Show Cause for the Interlocutory Sale of the Horses";

WHEREAS, on September 20, 2010, the Government filed a memorandum of law entitled, "Government's Memorandum of Law in Opposition to the Defendant's Motion to Strike the Defendant's Authorization to Act as Agent, Sell Horse, Receive Payment, Disburse Funds, Affidavit of Alan Bietsch, and Government's Reply";

WHEREAS, the Court held an evidentiary hearing from September 21-23, 2010 to allow Melissa G. King, the defendant, to present any evidence in opposition to the Government's Motion, and Court did receive testimony and documentary evidence from the defendant and the Government at the hearing;

WHEREAS, on September 21, 2010, counsel for Blantyre Farm LLC ("Blantyre"), Jed R. Friedman, Esq., appeared before the Court and Mr. Friedman represented to the Court that Blantyre owned the Horses and that Blantyre wished to be heard on the Government's Motion;

WHEREAS, the Court scheduled an evidentiary hearing for October 7-8, 2010, to allow Blantyre to present any evidence to establish its ownership interest, if any, in the Horses and the Court allowed the Government to request discovery from Blantyre in advance of the hearing;

WHEREAS, on September 27, 2010, Melissa G. King, the defendant, filed a memorandum of law entitled, "Defendant Melissa G.

in Support of its Application for an Order to Show Cause for the Interlocutory Sale of the Horses";

WHEREAS, on September 20, 2010, the Government filed a memorandum of law entitled, "Government's Memorandum of Law in Opposition to the Defendant's Motion to Strike the Defendant's Authorization to Act as Agent, Sell Horse, Receive Payment, Disburse Funds, Affidavit of Alan Bietsch, and Government's Reply";

WHEREAS, the Court held an evidentiary hearing from September 21-23, 2010 to allow Melissa G. King, the defendant, to present any evidence in opposition to the Government's Motion, and Court did receive testimony and documentary evidence from the defendant and the Government at the hearing;

WHEREAS, on September 21, 2010, counsel for Blantyre Farm LLC ("Blantyre"), Jed R. Friedman, Esq., appeared before the Court and Mr. Friedman represented to the Court that Blantyre owned the Horses and that Blantyre wished to be heard on the Government's Motion;

WHEREAS, the Court scheduled an evidentiary hearing for October 7-8, 2010, to allow Blantyre to present any evidence to establish its ownership interest, if any, in the Horses and the Court allowed the Government to request discovery from Blantyre in advance of the hearing;

WHEREAS, on September 27, 2010, Melissa G. King, the defendant, filed a memorandum of law entitled, "Defendant Melissa G.

King's Reply to the Government's Memorandum of Law in Opposition to the Defendant's Motion to Strike the Defendant's Authority to Act as Agent, Sell Horse, Receive Payment, ~~and Disburse Funds,~~ Affidavit of Alan Bietsch, and Government's Reply";

WHEREAS, on October 4, 2010, Melissa G. King, the defendant, filed a memorandum of law entitled, "Defendant Melissa G. King's Memorandum of Law in Support of Blantyre Farm, LLC as a Separate and Distinct Entity from Defendant (Alter Ego Issue)";

WHEREAS, on October 4, 2010, the Government filed a memorandum of law entitled, "Government's Memorandum of Law in Advance of an Evidentiary Hearing with Blantyre Farm LLC to Determine Blantyre Farm LLC's Ownership Interest in Certain Horses";

WHEREAS, on October 7, 2010, the Court held an evidentiary hearing to allow Blantyre to present any evidence to establish its ownership interest, if any, in the Horses, and the Court received evidence from Blantyre at the hearing;

WHEREAS, on November 10, 2010, the Court issued an Opinion and Order in which the Court ordered that the Horses be sold pursuant to the conditions in that Opinion and Order;

NOW THEREFORE, on the motion of Preet Bharara, United States Attorney for the Southern District of New York, attorney for the United States of America, Jason P. Hernandez, of counsel;

1. The Horses shall be sold in the manner described in this Order, pursuant to 28 U.S.C. § 2004.

2. The United States shall retain Old Salem Farm as a broker to sell the Horses in the most commercially feasible manner.

3. Each horse may be sold individually or in groups, but the sales price for each horse may not be less than two-thirds of their appraised value as set forth in the Equine Appraisal prepared by Rita Timpanaro on May 26, 2010 for the Horses, unless the Court orders otherwise. The sale shall be for cash or other consideration.

4. Old Salem Farm shall file with the Court a report of [potential] sale after soliciting bids from potential purchasers for any and all of the Horses. The report of [potential] sale shall include a statement of the highest and best offer for the sale of each horse.

5. Melissa G. King, the defendant, may submit to the Government and the Court any competing firm offers from potential purchasers for any and all of the Horses for the Court's consideration. In the event that the Court approves the sale of any of the Horses to a bidder brought forth by King, Old Salem Farm shall act as the broker for the sale of the horse.

6. No horse shall be sold without confirmation of the Court.

7. The net cash/check proceeds from the sale of the Horses (the "Net Sale Proceeds") shall consist of the sale price, less amounts due to pay a reasonable broker's fee to Old Salem Farm,

costs of boarding, care, feeding, and other reasonable expenses for the care of the Horses until the date of sale.

8. The Net Sale Proceeds realized from the sale of the Horses shall be the substitute *res* for the Horses which are named in the forfeiture allegations in the Indictment, and shall be delivered to, and held in an interest bearing escrow account by the United States Marshals Service in the Seized Asset Deposit Fund until this Court or the parties may determine the forfeitability of the Horses.

9. The Restraining Order is vacated with respect to the Horses. All other aspects of the Restraining Order remain in effect until the Court orders otherwise.

SO ORDERED:

_____          11/24/10
HONORABLE JOHN G. KOELTL                    DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK