UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

UNITED STATES OF AMERICA

       - against -               10 Cr. 122 (JGK)

MELISSA KING,                  OPINION AND ORDER

                Defendant.
————————————————————————————————

JOHN G. KOELTL, District Judge:

    Defendant Melissa King was indicted on February 17, 2010, on one count of theft and embezzlement from an employee welfare benefit plan and employee pension benefit plan, in violation of 18 U.S.C. § 664, and eleven counts of money laundering, in violation of 18 U.S.C. § 1957.  On June 30, 2010, a superseding indictment was filed, adding one count of mail fraud, in violation of 18 U.S.C. § 1341, and four counts of tax evasion, in violation of 26 U.S.C. § 7201.  The superseding indictment alleged that the defendant embezzled approximately $40 million from a union's employee benefit plans (the "Local 147 Funds") and laundered the embezzled funds through a series of bank accounts.  Superseding Indictment at ¶ 23, United States v. King, No. 10 Cr. 122 (S.D.N.Y. June 30, 2010).  On January 24, 2011, a second superseding indictment was filed.  The primary effect of the second superseding indictment was to amend the "to wit" clause of Count One, to replace an allegation that the defendant "embezzled tens of millions of dollars" to one that

1

the defendant "embezzled, stole, abstracted and converted tens
of millions of dollars." <u>See</u> Superseding Indictment at ¶ 11,
<u>United States v. King</u>, No. 10 Cr. 122 (S.D.N.Y. Jan. 24, 2011).

On November 30, 2010, the defendant filed motions: (1) to
dismiss the superseding indictment; (2) for the Court to examine
<u>in camera</u> the transcribed proceedings of the grand juries that
returned the initial and superseding indictments, to determine
whether the indictments were based on insufficient or
impermissible evidence; (3) to compel disclosure of all
transcripts and evidence from the grand jury proceedings; (4)
for a bill of particulars; (5) to compel disclosure of a list of
the witnesses the government intends to call at trial; (6) to
compel disclosure of all material required to be disclosed to
the defendant pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1950),
and <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); (7) to
strike surplusage from the superseding indictment; and (8) to
sever the tax evasion counts from the superseding indictment.
The defendant also moved to suppress any statements she made
before she was informed of her rights pursuant to <u>Miranda v.
Arizona</u>, 384 U.S. 436 (1966), but she has since withdrawn this
motion.  Defendant Melissa G. King's Reply to Government's
Opposition to Defendant's Pretrial Motions, at 3 n.1 ("Reply
Mem.").  As discussed on the record during a hearing on January
28, 2011, these motions, as amended by the defendant's

2

supplemental papers described below, are considered as directed against the second superseding indictment ("the Indictment").

On February 8, 2011, the defendant filed supplemental pretrial motions revising her prior motions (1) to dismiss, (2) to compel disclosure of materials from the grand jury proceedings, (3) to strike surplusage from the superseding indictment, and (4) for a bill of particulars.


I.


A.


In her motion to dismiss, the defendant argues that Count One of the Indictment, which charges theft and embezzlement from an employee welfare benefit plan and employee pension benefit plan, in violation of 18 U.S.C. § 664, should be dismissed because the defendant was not a fiduciary of the Local 147 Funds, and, according to the defendant, embezzlement requires that the defendant have the status of a fiduciary under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  The defendant also argues that Count One should be dismissed on the grounds that its factual allegations are insufficient and that the government should not be permitted to proceed on multiple theories, specifically that

the defendant "embezzled, stole, abstracted <u>and</u> converted"
funds, based on a single set of facts.

As to the defendant's first argument – that Count One
should be dismissed because the defendant could not have
"embezzled" funds, because she was not a fiduciary – because the
Indictment now alleges that the defendant "embezzled, stole,
abstracted and converted" the funds, accepting the defendant's
argument would not require the Court to dismiss Count One.

Moreover, dismissal is unwarranted because the Indictment
adequately alleges that the defendant was a fiduciary of the
Local 147 Funds.  ERISA includes several definitions of a
"fiduciary," including "a person [who] exercises any
discretionary authority or discretionary control respecting
management of such plan <u>or</u> exercises any authority or control
respecting management or disposition of its assets."  29 U.S.C.
§ 1002(21)(A) (emphasis added).  The Second Circuit Court of
Appeals has recognized that Congress intended this definition
"to be broadly construed."  <u>Blatt v. Marshall & Lassman</u>, 812
F.2d 810, 812 (2d Cir. 1987).  As the Court of Appeals
explained: "[W]hether or not an individual or entity is an ERISA
fiduciary must be determined by focusing on the function
performed, rather than on the title held."  <u>Id.</u>; <u>see also</u>
<u>Mertens v. Hewitt Assoc.</u>, 508 U.S. 248, 262 (1993) ("ERISA . . .
defines 'fiduciary' not in terms of formal trusteeship, but in

<u>functional</u> terms of control and authority over the plan . . .
.")."Unlike the common law definition under which fiduciary
status is determined by virtue of the position a person holds,
ERISA's definition is functional." <u>LoPresti v. Terwilliger</u>, 126
F.3d 34, 40 (2d Cir. 1997) (internal quotation marks and
citation omitted).

The Indictment alleges, among other things, that (1) the
defendant was responsible for maintaining the Local 147 Funds'
bank accounts, (2) pursuant to her responsibilities as an
administrator of the Funds, she had the authority to issue
checks drawn on those accounts, and (3) the defendant used that
authority to embezzle at least $40 million from the accounts for
her personal use.  Indictment ¶¶ 4, 7, 9-11.  These facts could
support a jury finding, at the very least, that the defendant
exercised "authority or control respecting management or
disposition" of the Local 147 Funds' assets, and that she was
thus a fiduciary of the funds under ERISA.  <u>See</u> 29 U.S.C. §
1002(21)(A); <u>see also</u> <u>LoPresti</u>, 126 F.3d at 40; <u>IT Corp. v.
General Am. Life Ins. Co.</u>, 107 F.3d 1415, 1421 (9th Cir. 1997)
("'Any' control over disposition of plan money makes the person
who has the control a fiduciary . . . .  The words of the ERISA
statute, and its purpose of assuring that people who have
practical control over an ERISA plan's money have fiduciary
responsibility to the plan's beneficiaries, require that a

person with authority to direct payment of a plan's money be deemed a fiduciary.").[1]

For the purposes of a pretrial motion to dismiss, the facts alleged in the Indictment are taken as true. See United States v. Velastegui, 199 F.3d 590, 592 n.2 (2d Cir. 1999). The Court may not weigh the sufficiency of the evidence underlying the Indictment, United States v. Perez, 575 F.3d 164, 166-67 (2d Cir. 2009), because indictments are "not meant to serve an

---

[1] The defendant relies on the language of the Administrative Agreements between King Care, LLC ("King Care") and the Local 147 Funds to argue that the defendant could not have been a "fiduciary" of the Local 147 Funds. See Defendant Melissa G. King's Motion to Dismiss the Superseding Indictment ("Mot. to D."), Ex. B. ¶ 8. Each of those agreements provided that "it is the intention of the parties that [King Care] perform purely ministerial functions within the framework of policies, interpretations, rules, practices and procedures as heretofore adopted and as hereafter amended by the Trustees of the Fund. Accordingly, it is not the intention of the parties hereto that either the Fund Manager or any employee thereof become a 'fiduciary' (as that term is defined in [29 U.S.C. § 1002(21)]) with respect to any of the Fund, by virtue of the obligations undertaken by [King Care] pursuant to this Agreement." Id. The Government contends that the Agreements were themselves part of the fraud, and that, in any event, the factual allegations in the Indictment are to be accepted as true for purposes of a motion to dismiss. The Agreements cannot support a motion to dismiss. There is no way of determining on a motion to dismiss whether they in fact reflect the position that the defendant served with respect to the Local 147 Funds and whether she, as the Indictment alleges, exercised authority or control with respect to management or disposition of assets of the funds. The language of the Agreements, which may not in fact reflect the true facts, cannot be dispositive. See, e.g., IT Corp., 107 F.3d at 1419 ("[P]utting the magic words in the contract, 'purely ministerial duties,' does not avoid fiduciary responsibility, if the characterization, 'purely ministerial duties,' is not correct. The issue is not just how the duties are characterized, but what they are.").

evidentiary function." <u>United States v. Juwa</u>, 508 F.3d 694, 701 (2d Cir. 2007).[2]

The defendant's second argument – that Count One should be dismissed because its factual allegations are not sufficient – is also without merit.  Federal Rule of Criminal Procedure 7(c) specifies that an indictment must (1) contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged" and (2) "give the official or customary citation of the statute . . .  that the defendant is alleged to have violated."  Fed. R. Crim. P. 7(c).  It may "allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or

---

[2] The Government argues that Section 664 does not contain a requirement that a defendant charged with embezzlement be a fiduciary as defined by ERISA.  It is true, as the Government points out, that "there is no authority that directly supports [the defendant's] contention that a defendant must be an ERISA fiduciary to embezzle funds within the meaning of Section 664." Gov't's Opp. to the Def.'s Pretrial Mot. ("Opp.") at 14.  Nor, however, is there any authority from the Second Circuit Court of Appeals that supports the proposition that a defendant need not be a fiduciary within the broad functional definition of fiduciary provided by ERISA.  Moreover, a leading treatise on jury instructions in federal cases indicates that, in order to convict a defendant for embezzlement under Section 664, a jury must find that the defendant violated the "special fiduciary duties of one in a position of trust to an employee benefit fund[, as those] special duties are defined in [ERISA]."  <u>See</u> 1 L. Sand, et al., Modern Federal Jury Instructions-Criminal, at 27-7 (2010) ("Sand").  "In order to prove the defendant guilty of embezzlement, therefore, the [G]overnment must first establish that the defendant served in a position of trust to the fund, for only those who have lawful access to the monies or property of a fund can be convicted of embezzlement."  <u>Id.</u>

more specified means."  Id.  "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . . ."  Id.

In this case, Count One of the Indictment tracks the language of 18 U.S.C. § 664 and sets forth factual allegations in support of the charge.  It thus contains the elements of the offense charged, and fairly informs the defendant of the charge against which she must defend.  The Indictment is also sufficient to permit the defendant to plead an acquittal or conviction in bar of future prosecutions.  The charge is therefore sufficient.

Next, the defendant argues that the government's amendment of the "to wit" clause of Count One from "embezzled," in the first superseding indictment, to "embezzled, stole, abstracted, and converted," in the Indictment, "gives the Government four distinct opportunities to raise the question of guilt as to the same alleged offense."  Defendant Melissa G. King's Supplemental Brief and Supplemental Pretrial Motions in Response to Second Superseding Indictment ("S2 Indictment"), at 10 ("Supp. Mem.").

This argument fails because it is proper for an indictment to charge alternate theories of liability.  See United States v. Astolas, 487 F.2d 275, 280 (2d Cir. 1973) (collecting cases) ("An indictment may charge alternate ways of violating a statute in the conjunctive, and a conviction under such an indictment will be sustained if the evidence justifies a finding that the statute was violated in any of the ways alleged.").  See also Sand at 27-8 ("Section 501(3) of Title 29, the language of which tracks that of section 664, has been described as a crime which 'can be accomplished in one of four ways: embezzling, stealing, unlawfully, and wilfully abstracting, and unlawfully and wilfully converting.'  The distinction between embezzlement/theft, and conversion/abstraction is not always clear.  It is therefore recommended that the jury be instructed on all four concepts, when the charges and evidence have not narrowed the theories of liability.").

Finally, the defendant argues that the amendment of the "to wit" clause is impermissible because "both the defendant and the future triers of fact will have significant difficulty untangling the intended allegation behind the Government's charge."  Supp. Mem. at 10.  This argument fails because, as discussed above, the Indictment is sufficient to inform the defendant of the charges against her and to allow her to plead an acquittal or conviction in bar of any future prosecution for

the same offense.  Moreover, the defendant has not made any showing that she has been prejudiced in any way by the government's amendment of the Indictment.  Finally, the Court can adequately instruct the jury on each of the ways that the statute can be violated.  See Sand at 27-8.

**B.**

The defendant next argues that Counts Fourteen through Seventeen of the Indictment, alleging tax evasion under 26 U.S.C. § 7201 for the years 2004 through 2007, should be dismissed.  Section 7201 makes it a crime to "wilfully attempt[] in any manner to evade or defeat any tax imposed by" the federal tax code.  To show a violation of the statute, the Government must establish that the defendant acted "wilfully," in the sense of violating a known legal duty.  See Cheek v. United States, 498 U.S. 192, 201 (1991).

The defendant argues that these counts should be dismissed, "[s]hould the element of willfulness not be argued to be present."  Mot. to D. at 14.  The Indictment plainly does allege that the defendant "wilfully" attempted to evade and defeat a substantial part of income due and owing by her.  See Indictment ¶ 22.

To the extent the defendant is arguing that the Government has failed to <u>allege</u> adequately a violation of Section 7201, the motion to dismiss the counts is also without merit.  For the reasons explained above, Counts Fourteen through Seventeen of the Indictment, which track the statutory language of Section 7201, adequately plead the elements of federal income tax evasion by putting the defendant on notice of the charges against which she must defend.  They track the statutory elements and provide specific factual details of the alleged income tax evasion.

C.

Finally, the defendant argues that Counts Two through Seventeen of the Indictment should be dismissed because they are "premised on" Count One, which she argues should be dismissed, for the reasons explained.  Because there is no basis to dismiss Count One, this argument is moot.  Moreover, Counts Two through Seventeen allege independent bases for conviction.  Count Two charges the defendant with mail fraud, in violation of 18 U.S.C. § 1341.  Counts Three through Thirteen, which charge money laundering under 18 U.S.C. § 1957, may be predicated either on the offense charged in Count One or on that charged in Count Two.  <u>See</u> Indictment ¶ 19.  Counts Fourteen through Seventeen

11

charge tax evasion for the defendant's failure to report income, in violation of 26 U.S.C. § 7201, conduct that is entirely independent of any theft or embezzlement of funds.

Accordingly, the defendant's motion to dismiss the Indictment is denied.

**II.**

The defendant asks the Court to examine in camera the transcribed proceedings of the grand juries that returned the initial and superseding indictments, to determine whether the indictments were based on "insufficient evidence" or "impermissible hearsay." Notice of Motion ¶ I. She also asks to be granted early access to the transcripts so that she can review them. Id. ¶ II.

Grand jury proceedings carry a presumption of regularity, and are secret and closed. See Hamling, 418 U.S. at 139 n.23; In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996); see also Fed. R. Crim. P. 6(e). That presumption can only be overcome by the defendant's strong showing of "particularized need." Dennis v. United States, 384 U.S. 855, 871-72 (1966). The Second Circuit Court of Appeals requires that a defendant make specific factual allegations of government misconduct before a district court permits review of grand jury

proceedings.  United States v. Torres, 901 F.2d 205, 233 (2d
Cir. 1990) (abrogated on other grounds, United States v. Marcus,
628 F.3d 364 (2d Cir. 2010); see also United States v. Leung, 40
F.3d 577, 582 (2d Cir. 1994).

King has not made such a strong showing – in fact, any
showing – of particularized need.  Under the circumstances,
neither in camera review nor early release of the transcripts is
warranted.  See United States v. Scott, 624 F. Supp. 2d 279, 291
(S.D.N.Y. 2008); United States v. Yarborough, No. 06 Cr. 190,
2007 WL 962926, at *13 (W.D.N.Y. Mar. 28, 2007); United States
v. Tochelmann, No. 98 Cr. 1276, 1999 WL 294992, at *3 (S.D.N.Y.
May 11, 1999) ("Allegations based on belief . . . provide no
reason to disregard the presumption of regularity of grand jury
proceedings, and do not even warrant an in camera review of the
grand jury minutes." (internal quotation marks omitted)).

The defendant's request that the Court review the records
of the proceedings for "impermissible hearsay" is also without
merit.  Hearsay is admissible in federal grand jury proceedings
except in two circumstances:  The Government may not mislead the
grand jury into "thinking it is receiving firsthand testimony
when it is in fact receiving hearsay," and it may not secure an
indictment by using hearsay evidence to such a great extent that
"there is a high probability that the defendant would not have
been indicted had only nonhearsay evidence been used."  United

States v. Ruggiero, 934 F.2d 440, 447 (2d Cir. 1991).  King does not allege with any particularity that either exception applies in her case.  Accordingly, there is no basis for the Court to review the transcripts, and the defendant's motion will be denied.  The Court also notes that the Government has committed to providing King with transcripts of all grand jury proceedings one week before the beginning of trial.  Opp. at 24.

## III.

The defendant moves for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.  More specifically, the defendant initially submitted fifteen single-spaced pages of requests for information pertaining to nearly every aspect of the Government's case, to which she added an additional two pages of questions in her supplemental papers. The defendant has made no effort to explain why she is entitled to any of this information.

As this Court has previously noted,

> The decision whether to grant a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) rests with the sound discretion of the district court.  See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991); United States v. Panza, 750 F.2d 1141 (2d Cir. 1984); United States v. Strawberry, 892 F. Supp. 519, 526 (S.D.N.Y. 1995).  The purpose of a bill of particulars is to enable a defendant "to prepare for trial, to prevent surprise, and to

> interpose a plea of double jeopardy should he be
> prosecuted a second time for the same offense."
> United States v. Bortnovsky, 820 F.2d 572, 574 (2d
> Cir. 1987). A bill of particulars is required "only
> when the charges of the indictment are so general that
> they do not advise the defendant of the specific acts
> of which he is accused." United States v. Torres, 901
> F.2d 205, 234 (2d Cir. 1990) (citation omitted); see
> also Cephas, 937 F.2d at 823; Panza, 750 F.2d at 1148.
> The Government may not be compelled to provide a bill
> of particulars disclosing the manner in which it will
> attempt to prove the charges, the precise manner in
> which the defendant committed the crimes charged, or a
> preview of the Government's evidence or legal
> theories. See United States v. Mitlof, 165 F. Supp.
> 2d 558, 569 (S.D.N.Y. 2001) (collecting cases).
> "Generally, if the information sought by the defendant
> is provided in the indictment or in some acceptable
> alternate form, no bill of particulars is required."
> Bortnovsky, 820 F.2d at 574; see United States v.
> Barnes, 158 F.3d 662, 665 (2d Cir. 1998).

United States v. Sattar, 314 F. Supp. 2d 279, 318 (S.D.N.Y.

2004), aff'd United States v. Stewart, 590 F.3d 93 (2d Cir.

2009).

The defendant has not alleged that any of the information

sought in the bill of particulars is necessary to permit her to

prepare for trial, to avoid unfair surprise, or to preclude a

second prosecution for the same offense. In fact, she offers no

justification for her request, other than that the discovery

provided by the government is too voluminous to permit easy

review. Reply Mem. at 10-11. This is not a concern that a bill

of particulars is designed to address. Moreover, an independent

review of the Indictment reveals that it describes the charges

in this case in far more detail than is required to meet the relevant standard.

Furthermore, in this case, not only has there been extensive discovery produced by the government, but the Government has worked with the defense to produce discovery in a form that is usable by the defense.  The Government has also agreed to provide a copy of the exhibits it intends to introduce at trial from the computers seized from King Care and other places three weeks before trial.  Opp. at 28.  The Court has also granted several continuances of the trial date.  The defendant has failed to provide any explanation of why a bill of particulars is necessary.  The motion is therefore denied.


**IV.**


The defendant next moves to compel disclosure of a list of the witnesses the government intends to call at trial.  There is no rule requiring pretrial disclosure of Government witnesses. See United States v. Bejasa, 904 F.2d 137, 139 (2d Cir. 1990); United States v. Alessi, 638 F.2d 466, 481 (2d Cir. 1980) ("[T]he prosecution [is] under no obligation to give [the defendant] advance warning of the witnesses who would testify

against him." (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977)).

District courts do have inherent authority to compel pretrial disclosure of the identity of government witnesses. See United States v. Cannone, 528 F.2d 296, 301 (2d Cir. 1975). A defendant is entitled to such disclosure, however, only if she makes a "specific showing that disclosure [is] both material to the preparation of [her] defense and reasonable in light of the circumstances surrounding [her] case." Id. An "abstract conclusory claim that such disclosure [is] necessary to [the] proper preparation for trial" is insufficient. Id. at 301-02.

The defendant has not made any showing of a particularized need for access to the witness list. In fact, the defendant has made no attempt at all to demonstrate the necessity of the information sought. Moreover, the Court notes that the Government has agreed to produce a preliminary list of witnesses one week prior to trial. Opp. at 32. Accordingly, the defendant's motion will be denied.

**V.**

The defendant moves to compel disclosure of all material required to be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

The Government notes that it is aware of its continuing disclosure obligations under Brady, and that it will promptly disclose any such material if any is discovered.  Opp. at 35. This representation is sufficient.  See United States v. Vega, 309 F. Supp. 2d 609, 616–17 (S.D.N.Y. 2004).  The defendant does not argue that the Government is in possession of any undisclosed Brady material.

Similarly, the Government has undertaken to produce any Giglio material to the defendant at the same time it produces any material pursuant to the Jenks Act, 18 U.S.C. § 3500, one week before the beginning of the trial.  Opp. at 35.  This representation is sufficient.  See Vega, 309 F. Supp. 2d at 617.

Accordingly, the defendant's motion is denied.


**VI.**


The defendant also moves to strike the following sections from the Indictment as "surplusage": the heading above paragraph 9, which reads, "King's Embezzlement from the Local 147 Funds"; paragraph 10, including the heading, which reads "King's Personal Use of the Embezzled Funds," and subparagraphs A through L; and paragraph 21, including the heading, which reads, "King's Attempt to Evade Taxes," and subparagraphs A and B.

18

Federal Rule of Criminal Procedure 7(b) permits a court to strike "surplusage" from an indictment "only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Mulder, 273 F.3d 91, 99-100 (2d Cir. 2001) (internal quotation marks omitted).  "If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) (internal quotation marks omitted).  Thus, to prevail on a motion to strike, the defendant must show that the challenged language is (1) irrelevant, (2) prejudicial, and (3) inflammatory.  See id.

The defendant has not met this standard.  The headings and the remainder of the challenged material go to the heart of the allegations against the defendant, and accordingly, are not irrelevant.  Nor is there any basis for considering any of the challenged material prejudicial or inflammatory.  The challenged headings do no more than describe the charged conduct, and the conduct alleged is evidence of the crimes charged.  Indeed, the defendant's motion appears to be little more than an attempt to argue for a second time, in a roundabout way, that Counts One and Fourteen through Seventeen of the Indictment should be dismissed.  See Reply Mem. at 7-8 ("Viewed without the language that the defendant seeks to strike from count one, which

includes paragraph 10 and its subparagraphs, the indictment paragraphs prior to the statutory allegation paragraph can be viewed as failing to accuse the defendant of any wrongdoing . . . .").  A motion to strike surplusage is not a proper vehicle for what is in substance a motion to dismiss.  Accordingly, the motion is denied.

**VII.**

Finally, the defendant moves to sever the tax evasion counts from the remaining counts in the Indictment, pursuant to Rules 8 and 14(a) of the Federal Rules of Criminal Procedure.[3] Pursuant to Rule 8(a), multiple charges may properly be joined in a single indictment "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  Once this standard has been met, the charges should not be severed under Rule 14(a) unless the defendant is able to show that failure to do so would result in "substantial prejudice" to the accused.

---

[3] The defendant also relies on Federal Rules of Evidence 403 and 404(a), but these rules relate to the admissibility of evidence and not to joinder and severance.  The defendant can object to the admissibility of evidence at an appropriate time.

See United States v. Werner, 620 F.2d 922, 928-29 (2d Cir. 1980).

In cases where the Government has sought to join multiple defendants and counts under Rule 8(b), the Second Circuit Court of Appeals has specifically ruled that tax counts can properly be joined with non-tax counts where "funds derived from non-tax violations either are or produce the unreported income." United States v. Turoff, 853 F.2d 1037, 1043 (2d Cir. 1988); see also United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007) ("[I]f a defendant is charged with fraud, the Government may prosecute the defendant for fraud and for not paying taxes on the profits produced . . . ."). The same rule would apply under Rule 8(a), which permits joinder of offenses against a single defendant where the offenses are "based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Indeed, in Shellef, referring to Rule 8(a), the Court of Appeals cited Turoff and explained: "Joinder of tax charges with non-tax charges under Rule 8 is therefore permissible if the tax offenses arose directly from the other offenses charged, such as when the funds derived from the acts underlying the non-tax charges either are or produce the unreported income that is the basis for the tax charges." Shellef, 507 F.3d at 87-88 (internal citation and quotation marks omitted).

The thrust of the tax evasion offenses alleged in Counts Fourteen through Seventeen of the Indictment is that the defendant failed to report on her personal federal income tax returns millions of dollars of personal income that she received from King Care – the funds she allegedly misappropriated from the Local 147 Funds – and which were falsely and fraudulently reported on King Care's partnership tax returns.   Indictment ¶¶ 21-22.  Accordingly, the Indictment alleges that the defendant's unreported income was "derived from [the] non-tax violations" also charged in the indictment.  See Turoff, 853 F.2d at 1043.  The tax evasion offenses are sufficiently related to the criminal conduct alleged in Counts One through Thirteen to be charged in one indictment.  The defendant has also failed to show that she would be substantially prejudiced by the trial of these claims in the same trial.  The defendant's motion to sever the tax counts is therefore denied.

## CONCLUSION

For the foregoing reasons, the defendant's pretrial motions (1) to dismiss the Indictment; (2) for the Court to examine in camera the transcribed proceedings of the grand juries; (3) to compel disclosure of all transcripts and evidence from the grand jury proceedings; (4) for a bill of particulars; (5) to compel disclosure of a list of witnesses; (6) to compel disclosure of

22

<u>Brady</u> and <u>Giglio</u> material; (7) to strike surplusage from the Indictment; and (8) to sever the tax evasion counts are **denied**. The Clerk is directed to close **Docket Nos. 98, 99, and 119.**


**SO ORDERED.**

**Dated:      New York, New York**
**            April 26, 2011**                    _____
                                                       **John G. Koeltl**
                                            **United States District Judge**

Brady and Giglio material; (7) to strike surplusage from the Indictment; and (8) to sever the tax evasion counts are **denied**. The Clerk is directed to close **Docket Nos. 98, 99, and 119**.

**SO ORDERED.**

**Dated:**     **New York, New York**
             **April 26, 2011**

                                      **John G. Koeltl**
                          **United States District Judge**