DATE: 06/07/2011      TIME: 11:36:44

Office of the Westchester County Clerk
Legal Division
(914)995-3070

# Receipt # 205815

Trans # 200584            Batch: PMP3
INDEX / LIS PENDENS            435.00
INDEX # 1207-11
    JPMORGAN CHASE BANK N A
    ROSEN
LIS PENDENS ADDITION            1.00
SUB TOTAL                    436.00
TAX                            .00
CHECKS                        436.00
AMT TENDERED                  436.00
TOTAL                        436.00
CHANGE                         .00

SHAPIRO & DICARO
250 MILE CROSSING BLVD
SUITE 1
ROCHESTER NY 14624

Thank You!
Visit www.WestchesterClerk.com
for more information





## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF WESTCHESTER

JPMorgan Chase Bank, National Association,

                              Plaintiff,

       -against-

Kurt Rosen individually and as Trustee of the Kurt Rosen
Asset Management Trust; Melissa King-Kaplan as Trustee of
the Kurt Rosen Asset Management Trust and as Trustee of
the West Clinton Trust; Jerome King as Trustee of the West
Clinton Trust, and "JOHN DOE #1" through "JOHN DOE
#10", the last ten names being fictitious and unknown to the
Plaintiff, the person or parties intended being the person or
parties, if any, having or claiming an interest in or lien upon
the mortgaged premises described in the complaint,
                              Defendants.

**NOTICE OF PENDENCY
OF ACTION**

Index No. _____



**NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in

this Court upon a complaint of the above named Plaintiff against the above named Defendants

for the foreclosure of a Mortgage dated June 26, 2001, executed by Kurt Rosen individually and

as Trustee of the Kurt Rosen Asset Management Trust, as Mortgagor(s) to Washington Mutual

Bank, FA, as Mortgagee, to secure the sum of $900,000.00 not to exceed negative amortization

amount up to 110% of the original principal amount, and recorded in the Westchester County

Clerk's Office on October 31, 2001, at Control No. 412950705.

11-4688

**NOTICE IS FURTHER GIVEN** that the mortgaged premises affected by said foreclosure action, at the time of the commencement of said action and at the time of the filing of this notice, was situated at 62 West Clinton Avenue, Irvington, NY 10533, the County of Westchester and the State of New York, and is more particularly described in said Mortgage and in Schedule "A" attached hereto and made a part hereof.

Dated: June 6, 2011

Bridget M. Dehmler, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-007708

# SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

Title No.: WTA-11-4688-NY-FC

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Greenburgh, Village of Irvington, County of Westchester and State of New York being known and designated as Lot No. 3 on a certain map entitled, "Subdivision Map prepared for Vahid and Mashid Noshirvani located in the Village of Irvington, Town of Greenburgh, Westchester County, NY", filed in the Westchester County Clerks's Office on December 2, 1994 as Map No. 25321, and more particularly bounded and described as follows:

BEGINNING at a point in the southwest corner of the herein described premises where the same intersects the easterly line of land now or formerly of the Union Free School District No. 2; said point of beginning being the following five courses and distances from the intersection of Lot 1 and Lot 2 on the aforesaid map with the northerly side of West Clinton Avenue;

    1)    North 16° 35' 00" East 92.06 feet;
    2)    North 02° 27' 00" West 54.02 feet;
    3)    North 16° 55' 40" West 120.46 feet;
    4)    North 78° 53' 00" West 203.67 feet;
    5)    North 78° 32' 40" West 95.00 feet;

RUNNING THENCE from said point of beginning and along land now or formerly of the Union Free School District No. 2, North 11° 18' 00" East 259.97 feet; and South 78° 42' 00" East 130.00 feet to the division line between Lot 3 and Lot 2 as shown on the aforesaid map;

RUNNING THENCE along the last mentioned division line South 11°18' 00" West 206.84 feet and South 69° 08' 00" West 100.03 feet to a point;

RUNNING THENCE North 78° 32' 40" West 45.32 feet to the point and place of BEGINNING.

TOGETHER with an easement of access and egress and utility access over, across and through the strip of land designated as "Proposed Private Road Easement and Utility Easement" of the Subdivision Map. Said private road, as designated on The Subdivision Map beginning at the southeasterly portion of the subdivision, at a width of 60' which width then varies as the easement proceeds in a northerly direction to Lot 2 and then proceeds in a westerly direction to Lot 3. The actual driveway within the easement will be a 14 feet wide gravel driveway.

TO:  THE CLERK OF THE COUNTY OF WESTCHESTER:

You are hereby directed to index the within Notice of Pendency of Action to the name of all of the Defendant(s) herein and the Section, Block and Lot(s) and/or property address as set forth below:

Section 2.120 Block 61 Lot 19 a/k/a Sheet 7B Block 249 Lot 12
Property Address: 62 West Clinton Avenue, Irvington, NY 10533

Dated: June 6, 2011

Bridget M. Dehmler, Esq.
SHAPIRO, DICARO & BARAK,
LLC
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000

## CERTIFICATION BY ATTORNEY

I, Bridget M. Dehmler, am an attorney duly admitted to the practice of law in the State of New York. I am an associate of Shapiro, DiCaro & Barak, LLC, the attorneys for Plaintiff, JPMorgan Chase Bank, National Association, in the above captioned civil action.

I HEREBY CERTIFY, pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR), to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of the Notice of Pendency in this action, or the contentions therein, are not frivolous as defined in subsection (c) of Sec. 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated: June 6, 2011

Bridget M. Dehmler, Esq.
SHAPIRO, DiCARO & BARAK, LLC
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JPMorgan Chase Bank, National Association,

Plaintiff,

-against-

Kurt Rosen individually and as Trustee of the Kurt Rosen
Asset Management Trust; Melissa King-Kaplan as Trustee of
the Kurt Rosen Asset Management Trust and as Trustee of
the West Clinton Trust; Jerome King as Trustee of the West
Clinton Trust, and "JOHN DOE #1" through "JOHN DOE
#10", the last ten names being fictitious and unknown to the
Plaintiff, the person or parties intended being the person or
parties, if any, having or claiming an interest in or lien upon
the mortgaged premises described in the complaint,
Defendants.

**SUMMONS AND NOTICE**

Index No. _____

Date Filed: _____



| PROPERTY ADDRESS:   62 West Clinton Avenue, Irvington, NY 10533 |
| --- |

**TO THE ABOVE NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or a notice of appearance on the attorneys for the Plaintiff within thirty

(30) days after the service of this summons, exclusive of the day of service.  The United States of

America, if designated as a defendant in this action, may appear within sixty (60) days of service

hereof.  In case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint.

   **NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT THE OBJECT** of

the above captioned action is to foreclose a Mortgage to secure $900,000.00 not to exceed

negative amortization amount up to 110% of the original principal amount and interest, recorded

in the Westchester County Clerk's Office on October 31, 2001, in Control No. 412950705

covering premises known as 62 West Clinton Avenue, Irvington, NY 10533.

11-4688

The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Westchester County as the place of trial.  Venue is based upon the County in which the mortgaged premises is situated.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**

**IF YOU DO NOT RESPOND TO THIS SUMMONS AND COMPLAINT BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE MORTGAGE COMPANY WHO FILED THIS FORECLOSURE PROCEEDING AGAINST YOU AND FILING THE ANSWER WITH THE COURT, A DEFAULT JUDGMENT MAY BE ENTERED AND YOU CAN LOSE YOUR HOME.**

**SPEAK TO AN ATTORNEY OR GO TO THE COURT WHERE YOUR CASE IS PENDING FOR FURTHER INFORMATION ON HOW TO ANSWER THE SUMMONS AND PROTECT YOUR PROPERTY.**

**SENDING A PAYMENT TO YOUR MORTGAGE COMPANY WILL NOT STOP THIS FORECLOSURE ACTION.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated:  June 6, 2011

Bridget M. Dehmler, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-007708

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER _____

JPMorgan Chase Bank, National Association,

Plaintiff,

-against-

Kurt Rosen individually and as Trustee of the Kurt Rosen
Asset Management Trust; Melissa King-Kaplan as Trustee of
the Kurt Rosen Asset Management Trust and as Trustee of
the West Clinton Trust; Jerome King as Trustee of the West
Clinton Trust, and "JOHN DOE #1" through "JOHN DOE
#10", the last ten names being fictitious and unknown to the
Plaintiff, the person or parties intended being the person or
parties, if any, having or claiming an interest in or lien upon
the mortgaged premises described in the complaint,
                                        Defendants.
_____

**MORTGAGE FORECLOSURE
COMPLAINT**

Index No. _____

Date Filed:_____

The Plaintiff herein, by its Attorneys, Shapiro, DiCaro & Barak, LLC, complains of the

defendants above named, and for its cause of action, alleges that:

First:        The Plaintiff herein, at all times hereinafter mentioned was and still is a

duly authorized Corporation or Association and having an office at 7255 Baymeadows Way,

Jacksonville, Florida 32256.

### PLAINTIFF FURTHER ALLEGES
### UPON INFORMATION AND BELIEF

Second:        The defendants set forth in Schedule "A" reside or have a place of

business at the address set forth therein and are made defendants in this action in the capacities

therein alleged and for the purpose of foreclosing and extinguishing any other right, title or

interest said defendants may have in the subject premises.

Third:        The United States of America, The People of the State of New York, The

State Tax Commission of the State of New York, the Industrial Commissioner of the State of

New York and all other agencies or instrumentalities of the Federal, State or local government

(by whatever name designated) if made parties to this action and if appearing in Schedule "B",

are made parties solely by reason of the interest set forth in Schedule "B" and for no other

reason.

Fourth:        Heretofore, the defendant(s), Kurt Rosen individually and as Trustee of

the Kurt Rosen Asset Management Trust, for the purpose of securing to Washington Mutual

Bank, FA, its successors and assigns, the sum of $900,000.00 not to exceed negative

amortization amount up to 110% of the original principal amount, duly made a certain bond,

note, consolidation, extension, modification, recasting, or assumption agreement, as the case may

be, wherein and whereby they bound themselves, their heirs, executors, administrators and

assigns, and each and every one of them, jointly and severally, in the amount of said sum of

money, all as more fully appears together with the terms of repayment of said sum or rights of

Washington Mutual Bank, FA, its successors and assigns, in said bond, note or other instrument,

a copy of which is attached hereto and made a part hereof.

Fifth:        As security for the payment of said indebtedness, a mortgage was

executed, acknowledged and delivered to Washington Mutual Bank, FA recorded in the

Westchester County Clerk's Office on October 31, 2001, in Control No. 412950705, wherein and

whereby the mortgagor(s) named therein mortgaged, bargained, granted an interest in and/or sold

to the mortgagee, its successors and assigns, the premises more particularly described therein, hereinafter called "mortgaged premises", under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage, a copy of which is attached hereto and made a part hereof.

Sixth:        The Plaintiff is the current owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note.  If Plaintiff is not the original owner and holder of the subject note and mortgage then information regarding the chain of title will be contained in Schedule D.

Seventh:        The said mortgage was duly recorded and the mortgage tax due thereon was duly paid on the recorded instrument in the proper County Clerk's Office at the place and time which appears thereon.

Eighth:        The defendants, Kurt Rosen individually and as Trustee and Melissa King-Kaplan as Trustee, so named, have failed and neglected to comply with the conditions of said mortgage, bond or note by omitting and failing to pay the monthly payments of principal, interest, taxes, assessments, water rates, insurance premiums, escrow and/or other charges, and accordingly, the plaintiff has duly elected and does hereby elect to call due the entire amount presently secured by the mortgage described in paragraph "FIFTH" hereof.

Ninth:        Heretofore and prior to the commencement of this action, part of the original principal sum may have been paid to apply on said indebtedness and there remains due the amount set forth in Schedule C.

Tenth:        In order to protect its security, the plaintiff has paid, or will pay, as may be compelled during the pendency of this action, local taxes, assessments, water rates, insurance

premiums, inspections and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interests thereon) should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgage premises, the amount of which will ultimately be determined by the Court.

Eleventh:    The defendants herein have, or claim to have, some interest in or lien upon, said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage or was subordinated to.

Twelfth:    There are no pending proceedings at law or otherwise to collect or enforce said bond/note and mortgage and that there is no other action pending which has been brought to recover said mortgage debt or any part thereof.

Thirteenth:    The Schedules, Exhibits and other items attached to this complaint are expressly incorporated and made a part of this Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein wherever reference has been made to each or any of them.

Fourteenth:    By reason of the foregoing, there is now due and owing to the plaintiff upon said bond, note, assumption agreement, consolidation agreement, or recasting agreement, the unpaid principal balance set forth in Schedule C, and such other fees, costs, late charges, and interest, the amount of which will be determined by the Court.

Fifteenth:    The mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

Sixteenth:            The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment or performance, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid and cured.

Seventeenth:          Pursuant to the Fair Debt Collection Practices Act, this action may be deemed to be an attempt to collect a debt, on behalf of Plaintiff.  Any information obtained as a result of this action will be used for that purpose.

Eighteenth:           If the subject note and mortgage fall within the prescribed definition of a subprime home loan or high-cost home loan as identified under section six-l or six-m of the New York State Banking Law, then Plaintiff has complied with all the provisions of section five-hundred ninety-five of the New York State Banking Law and any rules and regulations promulgated thereunder, section six-l or six-m of the New York State Banking Law and section thirteen hundred four of New York State Real Property Actions and Proceedings Law (RPAPL).

Nineteenth:           Upon information and belief, Plaintiff has complied with the provisions of RPAPL § 1306, if applicable.

**WHEREFORE**, plaintiff demands judgment:

(a)      Adjudging and decreeing the amounts due the plaintiff for principal, interest, costs, and reasonable attorney's fees, if and as provided for in the said mortgage;

(b)      That the defendants and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien, or interest, or equity of redemption in and to said mortgaged premises;

(c)      That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

(d)      That out of the monies arising from the sale thereof, the plaintiff may be paid the amounts then due on said bond/note and mortgage and any sum which may have been paid by the plaintiff to protect the lien of plaintiff's mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the mortgage, rider or other agreement, so far as the amount of such money properly applicable thereto will pay the same;

(e)      That either or any of the parties to this action may become a purchaser upon such sale;

(f)      That this Court forthwith appoint a Receiver of the rents and profits of said premises with the usual powers and duties;

(g)     That the defendant(s), Kurt Rosen individually and as Trustee of the Kurt Rosen Asset Management Trust, <u>unless discharged in bankruptcy</u> may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto;

(h)     That the United States of America shall have the right of redemption, if applicable;

(i)     That the plaintiff may have such other or further relief, or both, in the premises as may be just and equitable.

Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of subject premises by virtue of its position as a judgment or other lien creditor excluding the mortgage being foreclosed herein.

Dated: June 6, 2011

Bridget M. Dehmler, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-007708

## SCHEDULE A – DEFENDANTS

DEFENDANTS                                                 CAPACITY

Kurt Rosen individually and as                    Former owner and original obligor under the
Trustee of the Kurt Rosen                          Note secured by the Mortgage recorded in
Asset Management Trust                             Control No. 412950705, being foreclosed
62 West Clinton Avenue                            herein.
Irvington, NY 10533


Melissa King-Kaplan as                             Owner of record and Mortgagor secured by the
Trustee of the Kurt Rosen                          Mortgage recorded in Control No. 412950705,
Asset Management Trust                            being foreclosed herein.
and as Trustee of the West Clinton Trust
62 West Clinton Avenue
Irvington, NY 10533


Jerome King as Trustee                              Certified Owner by virtue of a Deed recorded
of the West Clinton Trust                           August 20, 2007 in Control No. 472220616,
62 West Clinton Avenue                            secured by the Mortgage recorded in Control
Irvington, NY 10533                                  No. 412950705, being foreclosed herein.

"JOHN DOE #1 through "JOHN DOE #10"     Said names being fictitious, it being the
                                                                  intention of Plaintiff to designate any and all
                                                                  occupants, tenants, persons or corporations, if
                                                                  any, having or claiming an interest in or lien
                                                                  upon the premises being foreclosed herein.

## **SCHEDULE B – DEFENDANTS**

NONE

## SCHEDULE C

## MORTGAGE INFORMATION

1. Original Amount of Bond/Note/
   Consolidation or Modification Agreement                    $900,000.00
   *not to exceed negative amortization amount up to
   110% of the original principal amount

2. Last installment due and paid                              August 1, 2010

3. Date of first unpaid installment/
   default date                                               September 1, 2010

## AMOUNT DUE

4. Principal balance owing                                    $427,527.59

5. *Interest @ 2.986%
   from August 1, 2010                          To Be Calculated at Judgment

6. Late charges commencing                                    $276.00
   (Calculated per terms of the note)

7. Taxes Advanced by Plaintiff                   To Be Calculated at Judgment

8. Escrow Advances                               To Be Calculated at Judgment

*Interest will continue to accrue at the contract bond/note/loan agreement rate, until a Judgment of Foreclosure and Sale has been entered in the proper County Clerk's Office, at which time the interest rate will be calculated at the legal rate of 9.00%.*

(11-007708)

## **SCHEDULE D**

NONE

(11-007708)



*472220616DED1*

| Control Number | Instrument Type |
|---|---|
| **472220616** | **DED** |



**WESTCHESTER COUNTY RECORDING AND ENDORSEMENT PAGE**
**(THIS PAGE FORMS PART OF THE INSTRUMENT)**
**\*\*\* DO NOT REMOVE \*\*\***

**THE FOLLOWING INSTRUMENT WAS ENDORSED FOR THE RECORD AS FOLLOWS:**
**TYPE OF INSTRUMENT: <u>DED - DEED</u>**
**FEE PAGES:  4      TOTAL PAGES:  4**

**RECORDING FEES**

| | |
|---|---|
| STATUTORY CHARGE | $6.00 |
| RECORDING CHARGE | $12.00 |
| RECORD MGT. FUND | $19.00 |
| RP 5217 | $75.00 |
| TP-584 | $5.00 |
| CROSS REFERENCE | $0.00 |
| MISCELLANEOUS | $0.00 |
| **TOTAL FEES PAID** | **$117.00** |

**MORTGAGE TAXES**

| | |
|---|---|
| MORTGAGE DATE | |
| MORTGAGE AMOUNT | $0.00 |
| EXEMPT | |
| COUNTY TAX | $0.00 |
| YONKERS TAX | $0.00 |
| BASIC | $0.00 |
| ADDITIONAL | $0.00 |
| MTA | $0.00 |
| SPECIAL | $0.00 |
| **TOTAL PAID** | **$0.00** |

**TRANSFER TAXES**

| | |
|---|---|
| CONSIDERATION | $0.00 |
| TAX PAID | $0.00 |
| TRANSFER TAX # | 550 |

**RECORDING DATE: 8/20/2007**
**TIME: 09:51:00**

SERIAL NUMBER:
DWELLING:

THE PROPERTY IS SITUATED IN
WESTCHESTER COUNTY, NEW YORK IN THE:
TOWN OF GREENBURGH

WITNESS MY HAND AND OFFICIAL SEAL

*[signature]*

TIMOTHY C. IDONI
WESTCHESTER COUNTY CLERK

Record & Return to:
ANDREW I PANKEN ESQ
1025 WESTCHESTER AVE STE 305

WHITE PLAINS, NY 10604

**BARGAIN AND SALE DEED WITH COVENANT AGAINST GRANTOR'S ACTS (INDIVIDUAL OR CORPORATION)**

STANDARD NYBTU FORM 8007

CAUTION: THIS AGREEMENT SHOULD BE PREPARED BY AN ATTORNEY AND REVIEWED BY ATTORNEYS FOR SELLER AND PURCHASER BEFORE SIGNING.

**THIS INDENTURE**, made the 11th day of June, 2003

between

**MELISSA KING-KAPLAN and KURT ROSEN**, Trustees of the Kurt Rosen Asset Management Trust , 62 West Clinton Avenue, Irvington, New York 10533

party of the first part, and

**MELISSA KING-KAPLAN and JEROME KING**, Trustees of the West Clinton Trust, 62 West Clinton Avenue, Irvington, New York 10533

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars, lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Greenburgh, Village of Irvington, County of Westchester and State of New York being known and designated as Lot No. 3 on a certain map entitled, "Subdivision Map prepared for Vahid and Mashid Noshirvani located in the Village of Irvington, Town of Greenburgh, Westchester County, NY", filed in the Westchester County Clerk's Office on December 2, 1994 as Map No. 25321, and more particularly bounded and described as follows:

BEGINNING at a point in the southwest corner of the herein described premises where the same intersects the easterly line of land now or formerly of the Union Free School District No. 2; said point of beginning being the following five courses and distances from the intersection of Lot 1 and Lot 2 on the aforesaid map with the northerly side of West Clinton Avenue;

1) North 16° 35' 00" East 92.08 feet;
2) North 02° 27' 00" West 54.02 feet;
3) North 16° 55' 40" West 120.46 feet;
4) North 78° 53' 00" West 203.67 feet;
5) North 78° 32' 40" West 95.00 feet;

RUNNING THENCE from said point of beginning and along land now or formerly of the Union Free School District No. 2, North 11° 18' 00" East 259.97 feet; and South 78° 42' 00" East 130 feet to the division line between Lot 3 and Lot 2 as shown on the aforesaid map;

RUNNING THENCE alont the last mentioned division line South 11° 18' 00" West 206.84 feet and South 69° 08' 00" West 100.03 feet to a point;

RUNNING THENCE North 78° 32' 40" West 45.32 feet to the point and place of BEGINNING.

TOGETHER with an easement of access and egress and utility access over, across and through the strip of land designated as "Proposed Private Road Easement and Utility Easement" of the Subdivision Map. Said private road, as designated on the Subdivision Map beginning at the southeasterly portion of the subdivision, at a width of 60' which width then varies as the easement proceeds in a northerly direction to Lot 2 and then proceeds in a westerly direction to Lot 3. The actual driveway within the easement will be a 14 feet wide gravel driveway.

Being the same premises conveyed to Kurt Rosen Asset Management Trust by deed dated June 26, 2001, and recorded in the Westchester County Clerk's Office on October 31, 2001 Control Number 412950692.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

**TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

**TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part, covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first above written.

Kurt Rosen, Trustee

Melissa King-Kaplan, Trustee

Acknowledgment by a Person Within New York State (RPL § 309-a)

STATE OF NEW YORK )
                                    ) ss.:
COUNTY OF WESTCHESTER )

    On the 11th day of June 2003, before me, the undersigned, personally appeared and ~~KENNETH~~ Kurt ROSEN and MELISSA KING-KAPLAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, or the person upon behalf of which the individuals acted, executed the instrument.

_Cheryl R. Zeidman Baker_
(signature and office of individual taking acknowledgment)

CHERYL R. ZEIDMAN BAKER
NOTARY PUBLIC, State of New York
No. 4874616
Qualified in Westchester County
Commission Expires November 24, 2006

_Deed_

<u>Title No.</u>   _____

Kurt Rosen and Melissa-King-Kaplan,
Trustees of the Kurt Rosen Asset
Management Trust
**To**

Melissa King-Kaplan and Jerome King,
Trustees of the West Clinton Trust

| | |
|---|---|
| **Sheet** | 7B |
| **Block** | 249 |
| **Lot** | 12 |
| **County or Town** | Westchester County |
| **Street Address** | 62 West Clinton Avenue |
| | Irvington, New York 10533 |

**Return By Mail To:**

Andrew I. Panken, Esq.
STERN KEISER PANKEN & WOHL, LLP
1025 Westchester Avenue, Suite 305
White Plains, New York 10604

Reserve This Space For Use Of Recording Office