**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――――

**UNITED STATES OF AMERICA,**

       - against -                  **10 Cr. 122 (JGK)**

**MELISSA G. KING,**                     **MEMORANDUM OPINION**
                                                **AND ORDER**
               **Defendant.**
―――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

     The Court has received the attached correspondence from Laura King-Kaplan with a purported unsigned memo from Melissa King (on Laura King-Kaplan letterhead) seeking the appointment of counsel for Melissa King and an extension of time to file a section 2255 motion.

     Any requests should come from Melissa King and not from Laura King-Kaplan, and any such requests should be copied to the Government.

     There is no showing that counsel should be appointed for Melissa King and the Court denies that request at this time. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).  For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that her

claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "[petitioner's] ability to obtain representation independently, and [her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

In this case, the defendant has been represented by numerous lawyers and there is no showing at this point that the defendant has any meritorious claim. The request for the appointment of counsel is therefore **denied without prejudice** to being raised after further development in the papers.

To the extent that the Court has jurisdiction to extend the current time to file a motion pursuant to 28 U.S.C. §2255, the time is extended until **September 20, 2013**.

**SO ORDERED.**

**Dated:** New York, New York
July 24, 2013                    _____/s/_____
                                     John G. Koeltl
                                **United States District Judge**

Laura King
7777 N. Wickham Rd, Ste 12-250
Melbourne, FL 32040

Tel: (914) 356-2361
Facsimile: (321) 259-8166
E-mail: lkingkaplan@gmail.com

**VIA FACSIMILE**

The Honorable John G. Koeltl, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1030
New York, NY 10007-1312

Re:   *United States v. Melissa G. King, S3 10 Cr. 122 (JGK)*

July 19, 2013

Dear Judge Koeltl:

Enclosed is an email from my mother, respectfully asking the Court to appoint counsel to represent her in the criminal case. She is also requesting an extension of time to file the appropriate papers.

A more comprehensive letter will follow shortly.

Respectfully,



Laura King

RECEIVED
JUL 22 2013
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

# Laura King-Kaplan

**From:** KING MELISSA (62944054)

**Sent Date:** Friday, July 19, 2013 5:21 PM

**To:** mkk628@gmail.com

**Subject:** Letter to the Court

Judge Koeltl,

I am writing to request an extension of time to file appropriate motions, if this is a 2255 or not at this point I am not clear. If so, I am asking for an extension of time to file a 2255. I am asking for Criminal Defense Counsel to represent me and advise me on the appropriate course of action going forward. My prior Counsel did not.

I need Counsel to advise me not only on asserting the claims of ineffective assistance of Counsel and Prosecutorial Misconduct, if appropriate, but also the effect of recent legislation on the Plea. There are also legal rulings that may or may not effect the Plea, such as, Peugh- which effects the "guidelines" which are the underpinnings of the Plea, the ruling that affirmed that Plea agreements can be changed if new legislation effects the issues addressed in the Plea, the issue of keeping the Plea in place and appealing the conviction but not the sentence - which has legal precedence in the SDNY, and the many abuses of my constitutional rights, which I have endured.

Finally, my health which was already at risk has been seriously compromised since I self-surrendered 10 months ago, and that coupled with the difficulties of preparing documents from a facility such as this, creates the need for an extension of time to file. Currently, I am suffering from a severe bronchial infection, with severe untreated nerve and spinal pain, and I have asked my daughter to submit this letter to the Court on my behalf, with her letter.

Thanking you in advance for consideration of granting an extension to file appropriate motions and to provide appropriate Criminal Counsel for advise on the above issues. As you already have been advised if you chose to have a hearing on these issues, it would more appropriate for me to attend by video conferencing as if I am transported by the BOP to New York, it surely would accelerate my illness and create significant pain.

Respectfully yours,

Melissa King